[Crim. No. 2273. Second Appellate District, Division Two.—January 21, 1933.]

In the Matter of the Application of DAVID MATUSOW for a Writ of Habeas Corpus.

Charles J. Katz and Stanley E. Fox for Petitioner.

Charles P. Johnson, City Prosecutor, and John L. Bland, Deputy City Prosecutor, for Respondent.

STEPHENS, J.—This is a petition in *habeas corpus* and arises from the following facts: Matusow was a defendant in several cases pending in the municipal court. Each of the complaints in said cases charged the defendant with violating the so-called Mattress Regulation and Inspection Act. Attorneys for the prosecution and for the said defendant stipulated that the cases might be tried together and without a jury. The defendant was convicted and sentenced to jail. ■ He claims here that he is illegally in custody because he did not personally join in the waiving of a jury. The respondent, the chief of police, in his return says in effect that defendant did personally waive a jury. This court appointed a referee, who after taking evidence upon this disputed question of fact, reported that defendant did in fact personally waive a jury in all of said cases. Petitioner objects to the findings of the referee on the ground that they do not conform to the evidence adduced at the hearing before him. We have examined the transcript of the hearing and while it is true that there is conflict upon the point, there is ample testimony upon which to base the referee's findings. The referee's findings are approved and affirmed and as there is no other question in the case it follows that our finding is that the said defendant and his attorneys did waive trial by jury on each and every of the several complaints then before the municipal court and upon which defendant was thereupon tried, found guilty and sentenced.

The writ is discharged and Matusow, the defendant in the cases herein referred to, is remanded.

Works, P. J., and Craig, J., concurred.